**FARUQI & FARUQI, LLP**
Benjamin Heikali (State Bar No. 307466)
Email: *bheikali@faruqilaw.com*
Ruhandy Glezakos (SBN 307473)
Email: *rglezakos@faruqilaw.com*
Joshua Nassir (State Bar No. 318344)
Email: *jnassir@faruqilaw.com*
10866 Wilshire Boulevard, Suite 1470
Los Angeles, California 90024
Telephone: (424) 256-2884
Facsimile: (424) 256-2885

*Counsel for Plaintiff Mary Condreay
and the putative Classes*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| MARY CONDREAY, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> EDGEWELL PERSONAL CARE BRANDS, LLC, <br><br> Defendant. | CASE NO.:2:21-cv-07100 <br><br> **CLASS ACTION COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff Mary Condreay ("Plaintiff" or "Ms. Condreay") brings this Class Action Complaint against Edgewell Personal Care Brands, LLC ("Defendant"), on behalf of herself and all others similarly situated, and alleges upon information and belief, the following:

## NATURE OF THE ACTION

1.     Plaintiff brings this consumer protection and false advertising class action lawsuit against Defendant regarding its misleading business practices with respect to the labeling, marketing, and sale of its Banana Boat® "Reef Friendly" sunscreen products (the "Products").[1]

2.     Defendant has marketed and sold the Products with labeling, packaging, and advertising that leads consumers to believe that the Products are "Reef Friendly," when in fact, they are not. Specifically, the label of each of the Products states that the Products are "Reef Friendly." However, there are at least two active ingredients in the Products – avobenzone and octocrylene – which are not safe for coral reefs and other marine life. Thus, Defendant's claim that the Products are "Reef Friendly" is false, misleading, and deceptive.

3.     Had Plaintiff and other consumers known that the Products contain ingredients that are harmful to coral reefs and other marine life, they would not have purchased the Products or would have paid significantly less for them. Therefore, Plaintiff and other consumers have suffered an injury-in-fact as a result of Defendant's deceptive practices.

4.     Thus, Plaintiff, on behalf of himself and all others similarly situated, brings this case seeking damages, restitution, declaratory and injunctive relief, and all other remedies this Court deems appropriate.

---

[1] The "Products" are further defined and depicted in Paragraphs 16-17.

-1-

CLASS ACTION COMPLAINT

**JURISDICTION AND VENUE**

5.     This Court has jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2) ("CAFA"). The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000, and there is diversity of citizenship between some members of the proposed Classes and Defendant.

6.     This Court has personal jurisdiction over Defendant because Defendant has sufficient minimum contacts with the State of California, and/or otherwise intentionally avails itself of stores and markets in the State of California through the promotion, marketing, and sale of the Products in this State (including in this District) to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District. Specifically, Plaintiff purchased the Products in this District.

**PARTIES**

8.     Plaintiff Mary Condreay is a citizen of California and resides in Simi Valley, California. In or about March 2021, Ms. Condreay purchased a Banana Boat SPF 30 Product labeled as being "Reef Friendly," from a CVS in Simi Valley, California. In purchasing the product, Ms. Condreay saw and relied on the "Reef Friendly" representation and reasonably believed that the product was "Reef Friendly" and therefore did not contain any ingredients harmful to coral reefs and other marine life. Ms. Condreay would not have purchased the Products or would have paid significantly less for them had she known that the Products were not actually "Reef Friendly." Therefore, Ms. Condreay suffered an injury-in-fact and lost money as a result of Defendant's misleading, false, unfair, and fraudulent practices, as described herein.

CLASS ACTION COMPLAINT

1       9.    Despite being misled, Ms. Condreay would purchase the Products in the future. While Ms. Condreay currently believes the Products are not "Reef Friendly," she lacks personal knowledge as to Defendant's specific business practices, leaving doubt in her mind as to the possibility in the future that some of the Products could be "Reef Friendly." This uncertainty, coupled with her desire to purchase the Products, and the fact that she regularly visits stores which sell the Products, is an ongoing injury that can and would be rectified by an injunction enjoining Defendant from making the false and/or misleading representations alleged herein.  In addition, Class members will continue to purchase the Products, reasonably but incorrectly believing that they are "Reef Friendly," absent an injunction.

10.    Defendant Edgewell Personal Care Brands, LLC is a Connecticut limited liability company which maintains its principal place of business in Shelton, Connecticut. Defendant, directly and/or through its agents, is responsible for the manufacturing, packaging, marketing, distribution, and sale of the Products in California, including in this District. Defendant is a subsidiary of Edgewell Personal Care Co., a publicly traded company that owns household personal care brands such as Banana Boat, Schick, Playtex, Hawaiian Tropic, and Edge.

## FACTUAL ALLEGATIONS

## I.    Coral Reefs, Marine Life, and Sunscreen

11.    Coral reefs are a critical component of our environment, supporting millions of species of fish, invertebrates, and algae.[2]

12.    Coral belong to the *Cnidaria* family, which are soft bodied animals that engage in symbiosis with algae (zooxanthellae). Zooxanthellae live on coral. Their

---

[2] *Fact Facts Coral Reefs*, https://coast.noaa.gov/states/fast-facts/coral-reefs.html (last visited September 2, 2021).

-3-

CLASS ACTION COMPLAINT

photosynthesis gives coral energy, and the algae itself provides the coral's vibrant colors. As coral grows, it forms branching structures culminating in reefs. When coral reefs face oxidative stress from pollutants, they expel the algae from their surface, turning the coral white (also known as bleaching). This process often leads to the coral reef's demise.[3] For these reasons, coral reefs are endangered, with warnings being issued by oceanic societies worldwide.

13. According to studies, up to 14,000 tons of sunscreen are estimated to wash into coral reefs around the globe each year.[4] The chemical compounds found in sunscreen products that wash into coral reefs can cause abrupt and complete bleaching of hard corals, even at extremely low concentrations.[5]

14. For these reasons, there has been a surge in the manufacture, advertising, and sale of sunscreen products purporting to be safe or friendly for reefs and other marine life.[6]

## II.     Defendant and the Products

15. Defendant is a leading manufacturer and merchant of sunscreen products, including its Banana Boat® line of sunscreen products.

16. The Products at issue in this action are Defendant's Banana Boat® Sport Ultra sunscreen products bearing a "Reef Friendly" representation on the front label. The Products include, but are not limited to, the following products (in various sizes):

---

[3] Samantha L. Schneider and Henry W. Lim, *Review of environmental effects of oxybenzone and other sunscreen active ingredients*, J. Am. Acad. Dermatology (2019)

[4] *Id.*

[5] *Bleached, But Not by the Sun; Sunscreen Linked to Coral Damage,* https://www.ncbi.nlm.nih.gov/pmc/articles/PMC2291012/, (last visited on September 2, 2021); *Protect Yourself and Protect the Reef*, https://www.nps.gov/articles/protect-yourself-and-protect-the-reef.htm (last visited September 2, 2021)

[6] *Your Guide to Reef Friendly Sunscreens*, https://www.surfrider.org/coastal-blog/entry/your-guide-to-reef-friendly-sunscreens, (last visited on September 2, 2021)

CLASS ACTION COMPLAINT

a.    Banana Boat® Sport Ultra Sunscreen Lotion SPF 15

b.    Banana Boat® Sport Ultra Sunscreen Lotion SPF 30

c.    Banana Boat® Sport Ultra Sunscreen Lotion SPF 50+

d.    Banana Boat® Sport Ultra Sunscreen Spray SPF 15

e.    Banana Boat® Sport Ultra Sunscreen Spray SPF 30

f.    Banana Boat® Sport Ultra Sunscreen Spray SPF 50+

g.    Banana Boat® Sport Ultra Sunscreen Spray SPF 50+

h.    Banana Boat® Sport Coolzone Sunscreen Spray SPF 30

i.    Banana Boat® Sport Coolzone Sunscreen Spray SPF 50+

j.    Banana Boat® Sport Ultra Sunscreen Stick SPF 50+

17.    As depicted below, Defendant has labeled, packaged, marketed, distributed and sold the Products with the prominent representation on the front label that the Products are "Reef Friendly."

-5-

CLASS ACTION COMPLAINT



CLASS ACTION COMPLAINT

18.     By representing that the Products are "Reef Friendly," Defendant leads consumers into reasonably believing that the Products contain only ingredients that are safe for coral and other marine life.

19.     However, this representation is deceptive and misleading because the Products contain at least two active ingredients – avobenzone and octocrylene – that are harmful to coral reefs and other marine life.

**III.    <u>Avobenzone and Octocrylene</u>**

20.     Both avobenzone and octocrylene are well documented as being harmful to coral reefs and lead to coral bleaching and other harmful effects on reef reproduction.[7]

21.     Specifically, octocrylene is an endocrine disruptor and has demonstrated reproductive and developmental toxicities for both marine mammals and various other marine life, such as fish and coral.[8] Indeed, according to ecotoxicologist Craig Downs, studies have shown that "fish exposed to octocrylene exhibited endocrine disruption, brain deformities in larvae and reproductive toxicity."[9] Furthermore, a study published in 2014 in the journal *Science of the Total Environment*, for example, found that octocrylene might affect brain and liver development in zebrafish, a fish commonly found in coral reefs.[10]

---

[7] *Protect Yourself and Protect the Reef*, https://www.nps.gov/articles/protect-yourself-and-protect-the-reef.htm (last visited September 2, 2021)

[8] *Benzophenone Accumulates over Time from the Degradation of Octocrylene in Commercial Sunscreen Products,* https://pubs.acs.org/doi/10.1021/acs.chemrestox.0c00461(last visited September 2, 2021)

[9] *Hawaii Senate Bill Bans Harmful Sunscreen Chemicals*, https://biologicaldiversity.org/w/news/press-releases/hawaii-senate-bill-bans-harmful-sunscreen-chemicals-2021-03-09/ (last visited September 2, 2021)

[10] *Accumulation and effects of the UV- filter octocrylene in adult and embryonic zebrafish,* https://www.sciencedirect.com/science/article/abs/pii/S0048969714000242?via%3Dihub (last visited September 2, 2021)

-7-

CLASS ACTION COMPLAINT

22.     Avobenzone is also a known endocrine disruptor that can reduce coral resilience against high ocean temperatures that are killing corals through global warning. Furthermore, avobenzone may kill corals' cells which induces a bleaching effect on them.[11]

23.     For these reasons, octocrylene is on Haereticus Environment Laboratory's[12] List (the "HEL List") of ingredients that are unsafe for ocean systems. Moreover, octocrylene is on the National Ocean Service's (an office within the U.S. Department of Commerce National Oceanic and Atmospheric Administration) list of common chemicals in sunscreen that can be harmful to marine life.[13]



---

[11] *Id*.

[12] HEL is a non-profit scientific organization dedicated to increasing the scientific, social and economic knowledge of natural environmental habitats in order to better conserve and restore threatened environmental habitats and resources. *See About Us - Haereticus Environmental Laboratory*, http://haereticus-lab.org/about-us/ (last visited September 2, 2021)

[13] *Skincare Chemicals and Coral Reefs*, https://oceanservice.noaa.gov/news/sunscreen-corals.html (footnote continued)

24.     Moreover, in order to protect coral reefs and marine life, Hawaii has introduced a bill that would ban the sale, offer for sale, and distribution of any sunscreen that contains avobenzone or octocrylene.[14]

25.     Lastly, due to its harmful effects on coral reef and marine life, octocrylene has been banned in sunscreen products sold in the U.S. Virgin Islands, in Key West, Florida, and the Republic of the Marshall Islands.[15]

26.     Both avobenzone and octocrylene are active ingredients in the Products. Thus, Defendant's front label representation that the Products are "Reef Friendly" is false and deceptive.

## IV.    Defendant's Deceptive and False Conduct Harms Consumers

27.     Defendant deceptively labeled and packaged the Products to target a growing consumer interest in purchasing products that would not cause or potentially cause any harm to coral reefs and other marine life.

28.     As the entity responsible for the development, manufacturing, packaging, advertising, distribution, and sale of the Products, Defendant knew or should have known that each of the Products falsely and deceptively misrepresents that the Products are "Reef Friendly."

29.     Defendant knows, knew or should have known, that Plaintiff and other consumers did and would rely on the labeling, packaging, and advertising before purchasing the Products, and would reasonably believe that the Products contained no ingredients that would harm coral reefs and other marine life.

30.     Plaintiff and other reasonable consumers did not know, and had no

---

(last visited September 2, 2021)

[14] SB132 SD2 HD1,
https://www.capitol.hawaii.gov/measure_indiv.aspx?billtype=SB&billnumber=132&year=2021 (last visited September 2, 2021)

[15] The Republic of the Marshall Islands has also banned avobenzone.

CLASS ACTION COMPLAINT

reason to know, that the Products contain ingredients that can harm coral reefs and other marine life. The Products are marketed to consumers with only their front labels displayed to consumers in store. However, the front label of the Products does not contain any disclaimer or other statement indicating that some of the ingredients in the Products are actually not safe for coral reefs and other marine life. Moreover, even if a reasonable consumer was to turn to the back label of the Products and read the ingredient list, a reasonable consumer would not know whether octocrylene or avobenzone are in fact reef safe or not.

31.    Because the Products are not "Reef Friendly" as reasonably expected by Plaintiff and other consumers, Defendant's marketing of the Products was and continues to be misleading and deceptive.

32.    Moreover, by deceptively labeling and misleading consumers that the Products are "Reef Friendly," Defendant is in violation of FDA regulations, which prohibit "claims that would be false and/or misleading on sunscreen products." 21 C.F.R. § 201.327(g).

33.    Each consumer has been exposed to the same or substantially similar deceptive practices because: (1) each of the Products' front label states "Reef Friendly" and (2) each of the Products contain at least two active ingredients, avobenzone and octocrylene, that are harmful to coral and marine life.

34.    Plaintiff and other consumers have paid an unlawful premium for the Products. Indeed, at least one study has concluded that "reef safe" sunscreen products may be more expensive than regular sunscreen products:[16]

---

[16] *Evaluation of "reef safe" sunscreens: Labeling and cost implications for consumers*, https://www.jaad.org/article/S0190-9622(19)32998-6/fulltext, (last visited September 2, 2021)

-10-

CLASS ACTION COMPLAINT

**Table I  Cost of sunscreen according to labeling and compliance with various "reef safe" standards**

| Product type | No. | Average cost (95% CI) in dollars/oz | P value |
|---|---|---|---|
| Products labeled as "reef safe" | 52 | 3.84 (3.07-4.61) | .027 |
| Products not labeled as "reef safe" | 45 | 2.61 (1.83-3.38) | |
| Products free of oxybenzone and octinoxate | 66 | 3.94 (3.20-4.68) | <.001 |
| Products contain oxybenzone and/or octinoxate | 31 | 1.83 (1.43-2.24) | |
| Products meet NOAA criteria | 28 | 4.55 (3.96-5.13) | <.001 |
| Products do not meet NOAA criteria | 69 | 2.75 (2.04-3.46) | |

35.     Moreover, Plaintiff and other consumers would have paid significantly less for the Products had they known that the Products contained active ingredients that would harm coral reefs and marine life. Therefore, Plaintiff and other consumers purchasing the Products suffered injury in fact and lost money as a result of Defendant's false, unfair, and fraudulent practices, as described herein.

36.     As a result of its misleading business practices, and the harm caused to Plaintiff and other consumers, Defendant should be enjoined from deceptively representing that the Products are "Reef Friendly."  Furthermore, Defendant should be required to pay for all damages caused to misled consumers, including Plaintiff.

## CLASS ACTION ALLEGATIONS

37.     Plaintiff seeks to represent a Class defined as all California citizens who within the relevant statute of limitations periods, purchased any of the Products (the "Class").

38.     Plaintiff also seeks to represent a subclass defined as all California citizens who within the relevant statute of limitations periods, purchased for personal, family, or household purposes any of the Products ("Consumer Subclass") (with all other classes, collectively referred to as the "Classes").

39.     Excluded from the Classes are: (a) Defendant, Defendant's board members, executive-level officers, and attorneys, and immediate family members of any of the foregoing persons; (b) governmental entities; (c) the Court, the Court's immediate family, and the Court staff; and (d) any person that timely and properly excludes himself or herself from the Class in accordance with Court-approved procedures.

40.     Plaintiff is a member of all Classes.

41.     Plaintiff reserves the right to alter the Class definitions as Plaintiff deems necessary at any time to the full extent that the Federal Rules of Civil Procedure, the Local Rules of this District, and applicable precedent allow.

42.     Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of the claims on a class-wide basis using the same evidence that individual Class members would use to prove those elements in individual actions alleging the same claims.

43.     **<u>Numerosity</u>**: The size of the Classes is so large that joinder of all Class members is impracticable. Due to the nature of Defendant's business, Plaintiff believes there are thousands, if not hundreds of thousands, of Class members.

44.     **<u>Predominance of Common Questions of Law and Fact</u>**: There are questions of law and fact common to the Class. These questions predominate over any questions affecting only individual Class members.

45.     All Class members were exposed to Defendant's deceptive advertising and marketing representations indicating that the Products were "Reef Friendly," when in fact the Products contained two active ingredients that harm coral reefs and marine life.

46.     Furthermore, common legal and factual questions include but are not limited to:

a.     whether Defendant engaged in the course of conduct alleged

CLASS ACTION COMPLAINT

herein;

b.  whether Defendant's conduct is likely to deceive a reasonable consumer;

c.  whether Defendant's conduct constitutes an unfair or deceptive act or practice;

d.  whether Defendant violated the consumer protection statutes set forth below;

e.  whether Plaintiff and the Class members are entitled to actual, statutory, or other forms of damages and other monetary relief; and

f.  whether Plaintiff and the Class members are entitled to equitable relief, including but not limited to injunctive relief and equitable restitution.

47.   Defendant engaged in a common course of conduct in contravention of the laws Plaintiff seeks to enforce individually and on behalf of Class members. Similar or identical statutory and common law violations, business practices, and injuries are involved. Individual questions, if any, pale by comparison, in both quality and quantity, to the numerous common questions that dominate this action. Moreover, the common questions will yield common answers that will materially advance the litigation.

48.   **Typicality**: Plaintiff's claims are typical of the claims of the Class members because Defendant injured all Class members through the uniform misconduct described herein; all Class members were subject to Defendant's false, misleading, and unfair representations indicating that the Products are "Reef Friendly" when, in fact, they are not; and Plaintiff seeks the same relief as Class members.

49.   Furthermore, there are no defenses available to Defendant that are

-13-

unique to Plaintiff.

50. **Adequacy of Representation**: Plaintiff is a fair and adequate representative of the Class because Plaintiff's interests do not conflict with the Class members' interests. Plaintiff has selected competent counsel that is experienced in class action and other complex litigation. Plaintiff will prosecute this action vigorously and is highly motivated to seek redress against Defendant. Plaintiff and Plaintiff's counsel are committed to prosecuting this action vigorously and have the resources to do so.

51. **Injunctive or Declaratory Relief**: The requirements for maintaining a class action pursuant to Rule 23(b)(2) are met, as Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making final injunctive relief or corresponding declaratory relief an appropriate remedy.

52. **Superiority**: The class action mechanism is superior to other available means for the fair and efficient adjudication of this controversy for reasons including but not limited to the following:

a. The damages individual Class members suffered are small compared to the burden and expense of individual prosecution of the complex and extensive litigation needed to address Defendant's conduct.

b. Further, it would be virtually impossible for Class members individually to redress effectively the wrongs done to them. Even if Class members themselves could afford such individual litigation, the court system could not. Individualized litigation would unnecessarily increase the delay and expense to all parties and to the court system and presents a potential for inconsistent or contradictory rulings and judgments. By contrast, the class action device presents far fewer management difficulties, allows the hearing of claims which might otherwise go unaddressed because of the relative expense of bringing

CLASS ACTION COMPLAINT

individual lawsuits, and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

c.    The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual Class members, which would establish incompatible standards of conduct for Defendant.

d.    The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications or that would substantively impair or impede their ability to protect their interests.

**FIRST CLAIM FOR RELIEF**
**Violation of California's Consumers Legal Remedies Act ("CLRA")**
**California Civil Code §§ 1750, *et seq***
(***for the Consumer Subclass***)

53.    Plaintiff realleges Paragraphs 1-52 above as if fully set forth herein.

54.    Plaintiff brings this claim individually and on behalf of the members of the proposed Consumer Subclass.

55.    Each Product is a "good" within the meaning of Cal. Civ. Code § 1761(a), and the purchase of such Products by Plaintiff and members of Consumer Subclass constitute "transactions" within the meaning of Cal. Civ. Code § 1761(e).

56.    Cal. Civ. Code § 1770(a)(5) prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have. . . ." By marketing the Products with their current labels, packaging, and advertisements, Defendant has represented and continues to represent that the Products have characteristics (i.e., are safe for reefs and other marine life) when they are not safe for reefs and other marine life. Therefore, Defendant has violated section 1770(a)(5) of the CLRA.

-15-

CLASS ACTION COMPLAINT

57.     Cal. Civ. Code § 1770(a)(7) prohibits "[r]espresenting that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another." By marketing the Products with their current labels, packaging, and advertisements, Defendant has represented and continues to represent that the Products are of a particular standard (i.e., safe for reefs and other marine life) when they do not meet this standard. Therefore, Defendant has violated section 1770(a)(7) of the CLRA.

58.     Cal. Civ. Code § 1770(a)(9) prohibits "[a]dvertising goods or services with intent not to sell them as advertised."  By labeling, packaging, and marketing the Products as "Reef Friendly" so that a reasonable consumer would believe that the Products are "Reef Friendly," and then intentionally not selling Products that are "Reef Friendly," Defendant has violated section 1770(a)(9) of the CLRA.

59.     Defendant also violated the CLRA by intentionally failing to disclose that the Products contain at least two active ingredients that cause or can cause damage to coral reefs and marine life.

60.      At all relevant times, Defendant has known or reasonably should have known that the Products are not "Reef Friendly," and that Plaintiff and other members of the Consumer Subclass would reasonably and justifiably rely on that representation in purchasing the Products.

61.     Plaintiff and members of the Consumer Subclass have reasonably and justifiably relied on Defendant's misleading, and fraudulent conduct when purchasing the Products. Moreover, based on the very materiality of Defendant's fraudulent and misleading conduct, reliance on such conduct as a material reason for the decision to purchase the Products may be presumed or inferred for Plaintiff and members of the Consumer Subclass.

62.     Plaintiff and members of the Consumer Subclass have suffered and continue to suffer injuries caused by Defendant because they would not have

-16-

purchased the Products or would have paid significantly less for the Products had they known that Defendant's conduct was misleading and fraudulent.

63.     Under Cal. Civ. Code § 1780(a), Plaintiff and members of the Consumer Subclass are seeking injunctive relief pursuant to the CLRA, preventing Defendant from further wrongful acts and unfair and unlawful business practices. Plaintiffs and members of the Consumer Subclass are also seeking damages, restitution, disgorgement of profits, and any other relief this Court deems proper.

64.     Pursuant to Cal. Civ. Code § 1782, on July 9, 2021, counsel for Plaintiff mailed a notice and demand letter by certified mail, with return receipt requested, to Defendant. The CLRA letter provided notice of Defendant's violation of the CLRA that demanded that Defendant correct, repair, replace, or otherwise rectify the unlawful, unfair, false, and deceptive practices complained of herein. On July 16, 2021, Defendant received the notice and demand letter. Counsel for Defendant did not make any contact with counsel of Plaintiff nor did they correct, repair, replace, or otherwise rectify the unlawful, unfair, false, and deceptive practices complained of in the letter. Because Defendant has failed to rectify or remedy its challenged conduct within 30 days after receipt of the notice and demand letter, Plaintiff is timely filing this Class Action Complaint with a claim for damages under the CLRA.

65.     Attached hereto is an affidavit with facts showing that venue in this Court is proper pursuant to California Civil Code § 1780(d).

**<u>SECOND CLAIM FOR RELIEF</u>**
**Violation of California's False Advertising Law**
**CAL. BUS. & PROF. CODE § 17500 *et seq.***
**(*for the Class*)**

66.     Plaintiff realleges Paragraphs 1-52 above as if fully set forth herein.

67.     Plaintiff brings this claim individually and on behalf of the members of the Class.

68.     The FAL prohibits advertising "which is untrue or misleading, and

-17-

CLASS ACTION COMPLAINT

which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." CAL. BUS. & PROF. CODE § 17500.

69.    As detailed above, Defendant's marketing and sale of the Products as being "Reef Friendly" is likely to deceive a reasonable consumer because the Products contain ingredients that are harmful to coral reefs and other marine life.

70.    In reliance of Defendant's false and misleading representations indicating the Products are "Reef Friendly," Plaintiff and the other members of the Class purchased the Products. Moreover, based on the very materiality of Defendant's fraudulent and misleading conduct, reliance on such conduct as a material reason for the decision to purchase the Products may be presumed or inferred for Plaintiff and the members of the Class.

71.    Defendant knew or should have known that its labeling and marketing of the Products is likely to deceive a reasonable consumer.

72.    Plaintiff and members of the Class request that this Court cause Defendant to restore this fraudulently obtained money to Plaintiff and members of the Class, to disgorge the profits Defendant made on these transactions, and to enjoin Defendant from violating the FAL or violating it in the same fashion in the future as discussed herein. Otherwise, Plaintiff and members of the Class may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

### THIRD CLAIM FOR RELIEF
**Violation of California's Unfair Competition Law**
**CAL. BUS. & PROF. CODE § 17200 *et seq.***
**(*for the Class*)**

73.    Plaintiff realleges Paragraphs 1-52 above as if fully set forth herein.

74.    Plaintiff brings this claim individually and on behalf of the members of the Class.

75.    The UCL prohibits "unfair competition," which it defines to "mean and

-18-

include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by [the FAL]." CAL. BUS. & PROF. CODE § 17200.

76.     Under the UCL, a business act or practice is "unlawful" if it violates any established state or federal law.

77.     As detailed herein, Defendant's acts, misrepresentations, omissions, and practices violate the FAL and the CLRA. On account of each of these violations of law, Defendant has also violated the "unlawful" prong of the UCL.

78.     As a result of Defendant's unlawful business acts and practices, Defendant has and continues to unlawfully obtain money from Plaintiff and members of the Class.

79.     Under the UCL, a business act or practice is "unfair" if the defendant's conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous, as the benefits for committing such acts of practices are outweighed by the gravity of the harm to the alleged victims.

80.     Defendant's conduct was and continues to be of no benefit to purchasers of the Products, as it is misleading, unfair, unlawful, and is injurious to consumers who purchased the Products and were deceived by Defendant's misrepresentations. Deceiving consumers about the Products' impact on the environment is of no benefit to consumers. Therefore, Defendant's conduct was and continues to be "unfair."

81.     As a result of Defendant's unfair business acts and practices, Defendant has and continues to unlawfully obtain money from Plaintiff and members of the Class.

82.     Defendant also committed "fraudulent" business acts or practices by, among other things, engaging in conduct Defendant knew or should have known

would likely to and did deceive reasonable consumers, including Plaintiff and the members of the Class. By relying on Defendant's false and misleading representations indicating the Products are "Reef Friendly," Plaintiff and the other members of the Class purchased the Products. Moreover, based on the very materiality of Defendant's fraudulent and misleading conduct, reliance on such conduct as a material reason for the decision to purchase the Products may be presumed or inferred for Plaintiff and the members of the Class.

83. Defendant knew or should have known that its labeling and marketing of the Products would likely deceive a reasonable consumer.

84. Plaintiff and members of the Class request that this Court cause Defendant to restore this unlawfully, unfairly, and fraudulently obtained money to Plaintiff, and members of the Class, to disgorge the profits Defendant made on these transactions, and to enjoin Defendant from violating the UCL or violating it in the same fashion in the future as discussed herein. Otherwise, Plaintiff, and members of the Class, may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

## FOURTH CLAIM FOR RELIEF
**Breach of Express Warranty**
**California Commercial Code § 2313**
(*for the Class*)

85. Plaintiff realleges Paragraphs 1-52 above as if fully set forth herein.

86. Plaintiff brings this claim individually and on behalf of the members of the proposed Class.

87. California Commercial Code § 2313 provides that "(a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise," and "(b) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the

goods shall conform to the description." Cal. Com. Code § 2313.

88.    Defendant has expressly warranted on the packaging of the Products that they are "Reef Friendly." This representation about the Products: (1) is an affirmation of fact and promises made by Defendant to consumers that the Products are in fact "Reef Friendly"; (2) became part of the basis of the bargain to purchase the Products when Plaintiff relied on the representation; and (3) created an express warranty that the Products would conform to the affirmation of fact or promise. In the alternative, the representation about the Products is a description of goods which was made as part of the basis of the bargain to purchase the Products, and which created an express warranty that the Products would conform to the Products' representation.

89.    Plaintiff and members of the Class reasonably and justifiably relied on the foregoing express warranty, believing that the Products did in fact conform to the warranty.

90.    Defendant has breached the express warranty made to Plaintiff and members of the Class by selling the Products, which contain ingredients that are not reef friendly or safe.

91.    Plaintiff and members of the Class paid a premium price for the Products but did not obtain the full value of the Products as represented. If Plaintiff and members of the Class had known of the true nature of the Products, they would not have purchased the Products or would not have been willing to pay the premium price associated with the Products.

92.    As a result, Plaintiff and the Class suffered injury and deserve to recover all damages afforded under the law.

CLASS ACTION COMPLAINT

### FIFTH CLAIM FOR RELIEF
**Breach of Implied Warranty**
**California Commercial Code § 2314**
(*for the Class*)

93.    Plaintiff realleges Paragraphs 1-52 above as if fully set forth herein.

94.    Plaintiff brings this claim individually and on behalf of the members of the proposed Class.

95.    California's implied warranty of merchantability statute provides that "a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind."  Cal. Com. Code § 2314(1).

96.    California's implied warranty of merchantability statute also provides that "[g]oods to be merchantable must be at least such as . . . (f) [c]onform to the promises or affirmations of fact made on the container or label if any."  Cal. Com. Code § 2314(2)(f).

97.    Defendant is a merchant with respect to the sale of sunscreen products, including the Products. Therefore, a warranty of merchantability is implied in every contract for sale of the Products to California consumers.

98.    By advertising the Products with their current labeling, Defendant made a promise on the label of the Products that the Products are "Reef Friendly." But the Products have not "conformed to the promises…made on the container or label" because they are not "Reef Friendly" as outlined above. Plaintiff, as well as other California consumers, did not receive the goods as impliedly warranted by Defendant to be merchantable.

99.    Therefore, the Products are not merchantable under California law and Defendant has breached its implied warranty of merchantability in regard to the Products.

100.   If Plaintiff and members of the Class had known that the Products were

-22-

not "Reef Friendly," they would not have been willing to pay the premium price associated with them or would not have purchased them at all. Therefore, as a direct and/or indirect result of Defendant's breach, Plaintiff and members of the Class have suffered injury and deserve to recover all damages afforded under the law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the members of the Classes, respectfully requests the Court to enter an Order:

A.      certifying the proposed Classes under Federal Rule of Civil Procedure 23(a), (b)(2), and (b)(3), as set forth above;

B.      declaring that Defendant is financially responsible for notifying the Class members of the pendency of this suit;

C.      declaring that Defendant has committed the violations of law alleged herein;

D.      providing for any and all injunctive relief the Court deems appropriate;

E.      awarding statutory damages in the maximum amount for which the law provides;

F.      awarding monetary damages, including but not limited to any compensatory, incidental, or consequential damages in an amount that the Court or jury will determine, in accordance with applicable law;

G.      providing for any and all equitable monetary relief the Court deems appropriate;

H.      awarding punitive or exemplary damages in accordance with proof and in an amount consistent with applicable precedent;

I.      awarding Plaintiff reasonable costs and expenses of suit, including attorneys' fees;

J.      awarding pre- and post-judgment interest to the extent the law allows; and providing such further relief as this Court may deem just and proper.

-23-

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all claims so triable.

Date: September 2, 2021                    Respectfully submitted,

                                          */s/ Benjamin Heikali*

                                          **FARUQI & FARUQI, LLP**
                                          Benjamin Heikali (State Bar No. 307466)
                                          *bheikali@faruqilaw.com*
                                          Ruhandy Glezakos (SBN 307473)
                                          Email:  *rglezakos@faruqilaw.com*
                                          Joshua Nassir (State Bar No. 318344)
                                          Email:  *jnassir@faruqilaw.com*
                                          10866 Wilshire Boulevard, Suite 1470
                                          Los Angeles, California 90024
                                          Telephone: (424) 256-2884
                                          Facsimile: (424) 256-2885

                                          *Counsel for Plaintiff*
                                          *and the Proposed Classes*

-24-

**CLRA Venue Declaration Pursuant to California Civil Code Section 1780(d)**

I, Mary Condreay, declare as follows:

1.      I am the Plaintiff in this action and a citizen of the State of California. I have personal knowledge of the facts stated herein and, if called as a witness, I could testify competently thereto.

2.      This Class Action Complaint is filed in the proper place of trial because I purchased the Products in this District.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, executed on ___9/1/2021___ in Simi Valley, California.

Mary Condreay